**WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP**
Evan D. Smiley, State Bar No. 161812
Lei Lei Wang Ekvall, State Bar No. 163047
Philip E. Strok, State Bar No. 169296
Hutchison B. Meltzer, State Bar No. 217166
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone: (714) 966-1000
Facsimile: (714) 966-1002

General Insolvency Counsel for Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.: SA 06-11444 ES |
| SPECTRUM RESTAURANT GROUP, INC., a Delaware corporation; GRANDY'S, INC., a California corporation; SPOONS RESTAURANTS, INC., a Texas corporation; SPECTRUM FOODS, INC., a California corporation, CRABBY BOB'S FRANCHISE CORP., a California corporation, LOCAL FAVORITE, INC., a California corporation; Substantively consolidated reorganized debtors under Case No. SA 03-15911 ES, | Chapter 11 Case<br><br>**DEBTOR-IN-POSSESSION'S MOTION FOR ORDER AUTHORIZING AND APPROVING THE SALE OF PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 363(b); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF KEN MUCHA IN SUPPORT**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(g)(1)(A) |
| Debtor and Debtor-in-Possession. | |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE:**

Spectrum Restaurant Group, Inc., a Delaware corporation ("SRG"); Grandy's, Inc., a California corporation ("Grandy's"); Spoons Restaurants, Inc., a Texas corporation ("Spoons"); Spectrum Foods, Inc., a California corporation ("Spectrum"); Crabby Bob's Franchise Corp., a California corporation ("Crabby Bob's"); Local Favorite, Inc., a California corporation ("Local Favorite"); substantively consolidated reorganized debtors under Case No. SA 03-15911 ES (collectively, "the Debtor"), submit this Motion for Order

Authorizing and Approving the Sale of Personal Property Pursuant to 11 U.S.C. § 363(b) ("the Motion"). In support of the Motion, the Debtor submits the following memorandum of points and authorities and declaration of Ken Mucha and respectfully represents as follows:

## I. INTRODUCTION

The Debtor maintains six storage units in Irvine, California ("the Storage Units"), at a monthly rental rate of $2,000.00. The Storage Units contain an array of used furniture and equipment which is no longer useful to the Debtor. The Debtor received an offer for the acquisition of much of the personal property housed in these units in exchange for certain equipment which the Debtor needs for use at one of its restaurant locations. This Motion seeks the Court's approval of the sale as proposed below.

## II. FACTUAL BACKGROUND

### A. General Background

SRG, formerly known as NBACO, Inc., was formed in or about May 1999 for the purpose of acquiring, owning, operating and franchising restaurants, and developing restaurant concepts. Anwar Soliman, the founder of SRG, owns all of the outstanding common stock of SRG. He also served as a member of the Board of Directors, but has now resigned. The Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code on August 29, 2006 ("the Petition Date"), commencing the instant case.

### B. The Prior Chapter 11 Case

On August 6, 2003, SRG, along with Grandy's, Spoons, Spectrum, Crabby Bob's, and Local Favorite filed voluntary chapter 11 petitions before the United States Bankruptcy Court, as Case Numbers: SA 03-15911 RA, SA 03-15916 RA, SA 03-15913 RA, SA 03-15915 RA, SA 03-15912 RA and SA 03-15914 RA (collectively, "the 2003 Case"). SRG owned all of the common stock of the five other debtors.

Grandy's, Spoons, Spectrum, and Local Favorite were acquired by SRG, in or about June 2000, from American Restaurant Group, Inc. Soliman was the CEO of

American Restaurant Group, Inc. at the time. SRG incurred approximately $15 million in debt to Bank of Boston and BET Associates, L.P. ("BET"), in order to complete the acquisition. Crabby Bob's was acquired by SRG in or about October 2001, for $1.8 million in cash and $400,000 in notes. All outstanding notes related to the Crabby Bob's acquisition were retired by January 31, 2002. Under a plan of reorganization ("Plan") confirmed in August 2004, the various chapter 11 estates were substantively consolidated into SRG's estate.

### C. The Debtor's Business

The Debtor had gross revenue of $45,797,312.00 in 2005 and approximately $1,971,936.00 in earnings before interest, taxes, depreciation and amortization. The Debtor is in the business of owning, operating, and franchising restaurants.

#### 1. Grandy's Restaurants

The Debtor owns and operates two Grandy's restaurants and manages an additional two Grandy's on behalf of others. The Debtor also serves as the franchisor for approximately 70 additional Grandy's restaurants. Grandy's restaurants are family-owned, quick-service restaurants that serve moderately-priced, home-style "Southern" meals. Most of the Grandy's restaurants are located in Texas and Oklahoma, and the restaurants are typically located in free standing structures situated near shopping malls or other highly visible and high traffic-volume locations.

#### 2. Spoons Restaurants

The Debtor owns and operates five casual-style, full-service Spoons restaurants in California and serves as the franchisor for one restaurant. The restaurants offer a full-service menu encompassing fare such as hamburgers, sandwiches, tacos and an array of "Tex-Mex" appetizers. Spoons restaurants are designed to offer customers a fresh, value-oriented alternative to traditional quick-service restaurants. Spoons restaurants are generally housed in free-standing structures in heavily traveled areas.

### 3. Crabby Bob's

The Debtor owns and operates two Crabby Bob's restaurants that offer a full service menu of fresh seafood. Crabby Bob's restaurants are typically located in free-standing buildings located in heavily traveled areas.

### 4. Specialty Restaurants

The Debtor owns and operates nine upscale unique specialty restaurants in California, including Prego Restaurante and Tutto Mare, which offer Northern Italian cuisine, MacArthur Park and Harry's Bar, which offer American cuisine, and Guaymas which offers Mexican cuisine.

### 5. National Sports Grill

The Debtor operates two National Sports Grill sports-themed restaurants and serves as the franchisor of one restaurant. The restaurants offer a casual dining experience in an environment where the patrons can view multiple video telecasts of national and regional sports events.

## D. The Debtor's Chapter 11 Strategy

The Debtor has recently set forth a plan to reduce its annual overhead by approximately $400,000.00. Further, the Debtor negotiated a food supply contract with Sysco to replace its current contract with U.S. Foodservice, which will result in savings to the Debtor of approximately 12% with respect to the purchases of these products. The Debtor is actively marketing the Grandy's restaurants and franchise operation for sale and has hired XRoads to assist in this process.

The Debtor also expects to generate a substantial amount of cash as well as long-term revenue through converting certain of its Spoons restaurants into National Sports Grill franchises and related subleases of the Debtor's valuable unencumbered real estate leases. In connection with formulating a plan of reorganization, the Debtor is also exploring financing options and continues to analyze the value of each of its speciality restaurants. The Debtor expects to file and serve a plan and disclosure statement by the end of this calendar year.

### E. The Proposed Sale

The Storage Units house numerous items of office and restaurant furniture and equipment ("the Property") which are no longer useful to the Debtor. The Property can be broadly described to include table tops and bases, bar stools and tables, a garbage disposal, panels to a walk-in refrigerator, etc. A general inventory of the Property is attached hereto as Exhibit "1."

Tony Pagan ("the Purchaser") is a used equipment dealer who offered to purchase the contents of five of the six Storage Units in exchange for the following:

1. Two New American SS six-burner gas counter top heavy duty stoves;
2. Blodgett two-deck SS double stack gas convection oven; and
3. American New SS heavy duty six-burner range with oven.

The above-listed equipment is hereinafter referred to as "the New Equipment." One of the Debtor's restaurants in San Diego has a critical need for the New Equipment, and the acquisition would upgrade operations there considerably.

The exchange is attractive to the Debtor, because it will dispose of property which has little or no value to the Debtor's operations, it will eliminate the need to maintain the Storage Units where the Property is currently housed, and it will yield equipment which is badly needed at one of the Debtor's properties.

### F. Value of the Property

The bulk of the furniture and equipment is in poor repair and does not fit the current needs of any of the operating restaurants. The Debtor believes the value of the Property is approximately $7,000.00. See Declaration of Ken Mucha. Were it not for the sale contemplated by this Motion, much of the Property would likely be abandoned since the costs of storage, or marketing in the case of an attempted sale, would likely exceed any net benefit to the estate.

The sale price for the New Equipment is $8,443.50. The Debtor will make a $1,400.00 cash payment to reconcile the difference between the estimated value of the Property and the value of the New Equipment. See Declaration of Ken Mucha. One of

the Debtor's San Diego restaurants has a pressing need for the New Equipment, and it would greatly improve operations on that site. Accordingly, the sale will dispose of property that has minimal value to the estate and eliminate the expense of storing the property, in exchange for urgently-needed equipment.

### III.  MEMORANDUM OF POINTS AND AUTHORITIES

11 U.S.C. § 363(b) empowers a trustee to "use, sell or lease . . . other than in the ordinary course of business, property of the estate." In considering a proposed transaction to use, sell, or lease, courts look at whether the transaction is in the best interests of the estate based on the facts and history of the case. In re America West Airlines, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (citing In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983)). This requires examination of the "business justification" for the proposed sale. In re 240 North Brand Partners, Ltd., 200 B.R. 653 (B.A.P. 9th Cir. 1996); In re Wilde Horse Enterprises, Inc., 136 B.R. 830 (Bankr. C.D. Cal. 1991); In re Ernst Home Center, Inc., 209 B.R. 974 (Bankr. W.D. Wash. 1997).

"In approving any sale outside the ordinary course of business, the court must not only articulate a sufficient business reason for the sale, it must further find it is in the best interest of the estate, i.e., it is fair and reasonable, that it has been given adequate marketing, that it has been negotiated and proposed in good faith, that the purchaser is proceeding in good faith, and that it is an "arms-length" transaction." In re Wilde Horse Enterprises, Inc., 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); In re 240 North Brand Partners, Ltd., 200 B.R. 653 (B.A.P. 9th Cir. 1996). A bankruptcy court's power to authorize a sale under § 363(b) is reviewed for abuse of discretion. In re Walter, 83 B.R. 14, 19 (B.A.P. 9th Cir. 1988).

Here, the proposed transaction has a legitimate business justification and is in the best interest of the estate. The proposed transaction disposes of property which has little or no value to the estate and eliminates most of the expenses associated with maintaining the Storage Units. In fact, the Debtor considered abandoning the Property, because the estimated proceeds from a sale did not warrant the expenditure of the

estate's resources, and the costs associated with removing, storing, insuring, and marketing the Property did not justify the marginal benefit which might be derived for the estate. In exchange for the sale of the Property, the Debtor will receive equipment for which it has an immediate need and which will promote the operation of one of the Debtor's restaurants. Accordingly, the Debtor believes that the proposed sale is fair and reasonable and within the proper exercise of its business judgment.

## IV. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that this Court enter an order:

1. Granting this Motion;

2. Authorizing the Debtor to sell the Property described on Exhibit "1" to Tony Pagan and to purchase the New Equipment as particularly specified in this Motion. The sale shall be free and clear of liens, claims and interests on an as-is, where-is basis with any liens, claims, or interests to attach to the proceeds of the sale, subject to all parties' rights and claims to dispute and object to such liens, claims and interests;

3. Authorizing the Debtor to take any actions reasonably necessary to effectuate the sale; and

4. For such other relief as the Court may deem just and necessary.

Respectfully submitted,

DATED: November 27, 2006

WEILAND, GOLDEN,
SMILEY, WANG EKVALL & STROK, LLP

By: /s/ 
HUTCHISON B. MELTZER
General Insolvency Counsel for Debtor
and Debtor-in-Possession

## DECLARATION OF KEN MUCHA

I, Ken Mucha, declare:

1. I am the Vice President of Spectrum Restaurant Group, Inc., the debtor and debtor-in-possession herein. I submit this declaration in support of the Debtor's Motion for Order Authorizing and Approving the Sale of Personal Property Pursuant to 11 U.S.C. § 363(b). I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, I could and would competently testify with respect thereto.

2. The Debtor maintains six storage units in Irvine, California ("the Storage Units"), at a monthly rental rate of $2,000.00. The Storage Units house numerous items of office and restaurant furniture and equipment ("the Property") which are no longer useful to the Debtor. A general inventory of the Property is attached hereto as Exhibit "1." I estimate the value of the Property to be approximately $7,000.00.

3. In exchange for the Property, the Debtor will receive the following equipment from the purchaser:

   (a) Two New American SS six-burner gas counter top heavy duty stoves;
   (b) Blodgett two-deck SS double stack gas convection oven; and
   (c) American New SS heavy duty six-burner range with oven.

The above-listed equipment is hereinafter referred to as "the New Equipment." Prego's, one of the Debtor's restaurants in San Diego, has a critical need for the New Equipment, and the acquisition would upgrade operations at that site considerably.

4. The price for the New Equipment is $8,443.50. The Debtor will make a $1,400.00 cash payment to reconcile the difference between the estimated value of the Property and the value of the New Equipment.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of November, 2006, at 3:10 PM.

KEN MUCHA

@PFDESKTOP::ODMA/MHODMA/WGSQL;FIRM;201324;2                 8                                         DECLARATION

# PROOF OF SERVICE

STATE OF CALIFORNIA,

COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 650 Town Center Drive, Suite 950, Costa Mesa, California 92626.

On November 27, 2006, I served the foregoing document described as **DEBTOR-IN-POSSESSION'S MOTION FOR ORDER AUTHORIZING AND APPROVING THE SALE OF PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 363(b); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF KEN MUCHA IN SUPPORT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

[✓]  BY MAIL

  [ ]  I deposited such envelope in the mail at Costa Mesa, California. The envelope was mailed with postage thereon fully prepaid.

  [✓]  I deposited such envelope with the firm for collection and processing. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on November 27, 2006, at Costa Mesa, California.

[ ]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[✓]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under the penalty of perjury under the laws of the United States of America that the above is true and correct.

Kelly M. Rivera
Type or print name

*Kelly M. Rivera* (Signature)

In re Spectrum Restaurant Group, Inc.
Case No. SA 06-11444 ES
November 6, 2006
Short List
Document #198554v1 (MS)

## SERVICE LIST:

**United States Trustee**
411 W. 4th Street
Suite 9041
Santa Ana, CA 92701
Tel. (714) 338-3400
Fax (714) 338-3421

Fred Croft, CEO
Spectrum Restaurant Group, Inc.
18500 Von Karman Avenue., Suite 380
Irvine, CA 92612
**Debtor and Debtor-in-Possession**

James R. Janz, Esq.
Tomlinson Zisko LLP
200 Page Mill Road
Palo Alto, CA 94306
Tel. (650) 325-8666
Dir. (650) 330-4117
Fax (650) 324-1808
email: jjanz@tzllp.com
**Special Counsel to Debtor**

Jeffrey N. Pomerantz, Esq.
Pachulski, Stang, Ziehl, Young,
 Jones & Weintraub PC
10100 Santa Monica Blvd., Ste. 1100
Los Angeles, CA 90067
Tel. (310) 277-6910
Fax (310) 201-0760
**Proposed Attorneys for The Official
Committee of Unsecured Creditors**

Penelope Parmes, Esq.
Rutan & Tucker, LLP
611 Anton Blvd., Suite 1400
Costa Mesa, CA 92626
Tel. (714) 641-5100
Fax (714) 546-9035
**Attorneys for Secured Creditor, BET**

Todd C. Ringstad, Esq.
Ringstad & Sanders LLP
2030 Main St #1200
Irvine, CA 92614
Tel. (949) 851-7450
Fax (949) 851-6926
**Attorneys for Anwar Soliman**

Anwar Soliman
375 Camden Place
Laguna Beach, CA 92651
**Shareholder**

Brian D. Huben, Esq.
Katten Muchin Rosenman LLP
2029 Century Park East, 26th Floor
Los Angeles, California 90067-3012
Tel. (310) 788-4400
Fax (310) 788-4471
**Attorney for Landlords**

Heinz Binder, Esq.
Robert G. Harris, Esq.
Binder & Malter
2775 Park Avenue
Santa Clara, CA 95050
Tel. (408) 295-1700
Fax (408) 295-1531
**Attorney for Daylight Produce Company, Inc.**

Michael L. Tuchin
Courtney Pozmantier
Klee, Tuchin, Bogdanoff & Stern LLP
2121 Avenue of the Stars, 33rd Floor
Los Angeles, CA 90067-5061
Tel. (310) 407-4000
Fax (310) 407-9090
**Attorneys for U.S. Foodservice, Inc.**