1  **PAHL & McCAY**
   A Professional Corporation
2  **Catherine Schlomann Robertson, Esq.** (State Bar No. 136213)
   225 West Santa Clara Street
3  Suite 1500
   San Jose, California 95113-1752
4  Telephone No.: (408) 286-5100
   Facsimile No.: (408) 286-5722
5  Email: crobertson@pahl-mccay.com

6  **Bradley M. Matteoni** (State Bar No. 130958)
   Matteoni, Saxe & O'Laughlin
7  848 The Alameda
   San Jose, California 95126
8  Telephone No.: (408) 293-4300
   Facsimile No.: (408) 293-4004
9  Email: bradley@matteoni.com

10 Attorneys for Movant
   ELIAS TSIGARIS

11

12             UNITED STATES BANKRUPTCY COURT

13        CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. SA 06-11444 ES |
| SPECTRUM RESTAURANT GROUP, INC., a Delaware corporation; GRANDY'S, INC., a California corporation; SPOONS RESTAURANTS, INC., a Texas corporation; SPECTRUM FOODS, INC., a California corporation; CRABBY BOB'S FRANCHISE CORP., a California corporation; LOCAL FAVORITE, INC., a California corporation; Substantively consolidated reorganized debtors under Case No. SA 03-15911 ES, | **REPLY TO OPPOSITION TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER VACATING ORDER AUTHORIZING AND APPROVING (1) SALE OF CERTAIN ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS; (2) LEASE TERMINATION AGREEMENT; AND (3) COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019** |
| Debtor and Debtor-in-Possession. | |
| ELIAS TSIGARIS | [Spoons Grill & Bar - Campbell located at 1555 S. Bascom Avenue, Campbell, California 95008] |
| Movant, | |
| v. | Date: October 4, 2007<br>Time: 10:30 a.m. |
| SPECTRUM RESTAURANT GROUP, INC., a Delaware corporation; GRANDY'S, INC., a California | Crtrm: 5A<br>Hon. Erithe Smith |

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3454-001
00101002.WPD

--------------------                1                --------------------
REPLY TO OPPOSITION - VACATING ORDER . . .                        (Case No. SA 06-11444 ES)

| | |
|---|---|
| 1 | corporation; SPOONS RESTAURANTS, ) |
| | INC., a Texas corporation; SPECTRUM ) |
| 2 | FOODS, INC., a California corporation; ) |
| | CRABBY BOB'S FRANCHISE CORP., ) |
| 3 | a California corporation; LOCAL ) |
| | FAVORITE, INC., a California ) |
| 4 | corporation, ) |
| | ) |
| 5 | Respondents.. ) |
| | _____ ) |

Pursuant to F.R.C.P. 59(e) and 60(b), ELIAS TSIGARIS ("TSIGARIS") hereby submits the following Memorandum of Points and Authorities in Reply to the Opposition to his Motion for Reconsideration of the Court's Order Authorizing (1) Sale of Certain Assets of the Estate Free and Clear of Liens, Claims & Interests, (2) Lease Termination Agreement and (3) Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019, entered August 8, 2007 ("Compromise Order").

### OPPOSITION OF DAVID & BARBARA KEESLING ET AL:

According to the Opposition to Motion for Reconsideration filed by DAVID & BARBARA KEELING et al ("KEESLING Opposition"), the KEESLING Opposition is based on the following legal arguments:

1. The August 8, 2007 Order Correctly Found Notice and Service were proper and Adequate;
2. Moving Party Acknowledges Notice and Service were proper and adequate;
3. The motion to vacate must be denied as a violation of Local rule 90113-1(a)( and Local Rule 9013(a)(11).
4. Moving Party does not offer this court any reasonable explanation for not timely responding to debtor's motion and electing to ignore the matter;
5. The Motion to Vacate must be denied because it does not offer any substantive basis to revising the August 8, 2007 order.
6. Any revisit of the August 8, 2007 Order potentially subjects Debtor to Keesling' various claims, ongoing financial obligations, litigation with Hott Wings, continued prosecution of the State and a re-visit to its Plan,

### OPPOSITION OF DAVID & BARBARA KEESLING ET AL:

According to the Opposition to Motion for Reconsideration filed by REORGANIZED DEBTOR ("DEBTOR'S Opposition"), the DEBTOR'S Opposition is

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3454-001
00101002.WPD

based on the following legal arguments:

1. TSIGARIS is Deemed to Have Consented to the Relief Requested;
2. There is No Cause to Vacate the Sale Order;
3. KEESLING Had the actual and Apparent Authority to Enter into the Lease Termination Agreement;
4. Dispute between TSIGARIS and KEESLING should not affect the Debtor of the Sale Order.

## I.

## LEGAL ANALYSIS

**A.  ADEQUATE SERVICE IS IRRELEVANT IF THE ENTERED ORDER IS PATENTLY UNJUST OR BASED ON AN ERROR OF REPRESENTED FACTS.**

As to items 1 through 4 in the KEESLING Opposition and Item 1 of the DEBTOR's Opposition, all of which argue that this motion should be denied because TSIGARIS received notice of the original motion, there is no dispute that TSIGARIS received notice of the Court's Sale Order[1], and neither KEESLING nor DEBTOR apparently does not challenge TSIGARIS's allegation that the Notice of Motion was "confusing" ("Declaration of Elias Tsigaris in Support of Motion Vacating Order" ("Tsigaris Decl."), ¶13. Nonetheless, as discussed in the moving papers of this motion, regardless of Tsigaris's confusion regarding the original motion papers, a court may grant a Rule 59(e) motion to alter or amend judgment in order to correct a manifest error of law or fact. Matter of Prince, 85 F.3d 314 (7th Cir. 1996), cert denied, 519 U.S. 1040, 117 S. Ct. 608, 136 L. Ed. 2d 534 (1996).  Alternatively, a ruling may be "altered" under Rule 60(b) for "mistake, inadvertence, surprise, misrepresentation or misconduct". Or, a ruling may be set aside as "unjust" under either Federal Rule of Civil Procedure 59(e) or 60(b). *These basis of relief are independent of whether "notice and service were proper and adequate", but are based on fundamental grounds of due process, justice and manifest error.*

---

[1]DEBTOR asserts that TSIGARIS is requested relief based on "newly discovered evidence". This is a misreading of the Memorandum of Points and Authorities, which argued for setting aside the order for "previously undisclosed facts".

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3454-001
00101002.WPD

3

**REPLY TO OPPOSITION - VACATING ORDER . . .**    (Case No. SA 06-11444 ES)

KEESLING represented to this court that they had the authority to enter into the settlement agreement. RJN, Exhibit A. In fact, they had already assigned that authority to TSIGARIS. Tsigaris Decl. at ¶5, Exhibit A. As a result, this court issued an order in express violation of TSIGARIS's legal rights. This order based on misrepresented facts and in violation of a third party's rights should be remedied by vacating the order pursuant to either Federal Rule of Civil Procedure 59(d) or 60(b).

**B.     THE ORDER SHOULD BE SET ASIDE BECAUSE KEESLING LACKED ACTUAL AUTHORITY TO ENTER INTO THE STIPULATION.**

As KEESLING's allegation that the Motion to Vacate must be denied because it "does not offer any substantive basis to revising the August 8, 2007 order" (KEESLING Opposition at 4), and "There is no cause to Vacate the Sale Order" (DEBTOR Opposition at 2), neither KEESLING or DEBTOR have <u>failed to dispute</u> the following evidencary facts:

> On July 8, 1992, the KEESLING GROUP entered into an Assignment of Lease with TSIGARIS (the "Assignment"). Pursuant to the terms of the Assignment, the KEESLING GROUP assigned all of its right, title and interest in the Master Lease to TSIGARIS. Specifically, this assignment stated:
>
> 1.     In consideration of the sum of $60,000.00 (Sixty Thousand Dollars and No Cents) per year until the expiration of the Lease Agreement including either or both of the five year option periods, payable in monthly installments of $5,000.00 by PURCHASER-ASSIGNEE to SELLER-ASSIGNEE, SELLER-ASSIGNEE transfers and assigns their interest in the lease pursuant to that document entitled Assignment of Lease . . .

The Assignment of Lease provides:

> By this assignment, ASSIGNOR delegates to ASSIGNEE all of ASSIGNOR's duties and obligations of performance of the LEASE.
>
> By accepting this Assignment, ASSIGNEE agrees to assume and perform all duties and obligations that ASSIGNOR has under the lease, as if ASSIGNEE had been an original party to the LEASE.

On December 6, 1994, KEESLING GROUP, *TSIGARIS* and Spoons entered into a Non-Disturbance and Abandonment Agreement. The Master Lease and

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3454-001
00101002.WPD

-------------------- 4 --------------------
REPLY TO OPPOSITION - VACATING ORDER . . .                    (Case No. SA 06-11444 ES)

1  related agreements provided Spoons with an option to extend the term of the Master Lease for two additional five year periods upon the same terms and conditions as the original tenant. In 2001, a dispute arose between the KEESLING GROUP and TSIGARIS regarding whether the Assignment had been forfeited.

On July 9, 2002, a court supervised settlement agreement was entered into between the KEESLING GROUP and TSIGARIS whereby it was agreed that "If Spoons does not exercise either of its five year options, all contractual relationships between Ms. TSIGARIS and plaintiffs [the KEESLING GROUP] will be terminated in their entirety on January 6, 2005", but if Spoons did exercise its Options, then TSIGARIS would continue to act as the Lessor.

From 1992 to the present, Spoons has continued to send the rent check to TSIGARIS who continued to cash it and forward a portion of same to the KEESLING GROUP as required by the Assignment. In turn, the KEESLING GROUP cashed the checks sent to them by TSIGARIS.

By virtue of the July 8, 1992, KEESLING GROUP lost all rights to enforce the Master Lease, and has no authority to execute the proposed Lease Termination Agreement or the Compromise of Controversy. KEESLING has responded that "the settlement referred to by moving party specially provides that if Debtor Spoons does not validly exercise the option to extend the lease all contractual relationships between moving party and Keesling terminate effective January 6, 2005". KEESLING argues that Debtors did not validly exercise the option to extend the lease, and the lease terminated pre-petition.

On March 15, 2005, Spoons sent a letter to the KEESLING GROUP and me advising that Spoons was exercising its option to extend the Lease for the first five year option period, commencing on August 31, 2005 and terminating on August 30, 2010".

Tsigaris Decl., ¶5- 9, Exhibits A-C.

KEESLING, on the other hand, ***completely fail to provide any competent evidence whatever, either by declaration or judicial notice of the State Action,*** that the lease terminated pre-petition. In fact, while KEESLING argues, it their opposition papers (Opposition 6: 11 - 6:17) that "Debtors, after months of litigation and evidence from the Santa Clara County Tax Assessor finally acknowledged that which Keelsing had maintained for several years and asserted in the State Court action and to this Court, namely Debtors failed to pay real property taxes on the subject property as required by the lease, since, at least, 2004, failed to pay such payments in according with their owned interpretation of their 2004 Plan, were in default of the lease, did not validly exercise the

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3454-001
00101002.WPD

5

REPLY TO OPPOSITION - VACATING ORDER . . .    (Case No. SA 06-11444 ES)

option to extend the lease and the lese terminated pre-petition", in fact Debtor alleges the opposite:

> The Debtor contends that in connection with its confirmed plan in the Prior Chapter 11 Cases, it assumed the least for the Property and cured existing defaults by obligating itself to make payments of pre-petition and pre-confirmation real property tax lease obligation pursuant to particular provisions and varying cure schedules and by making the required payments. The Keesling Group disputes this contention.

Debtor-In-Possession's Motion for Order Authorizing and Approving (1) Sale of Certain Assets of the Estate Free and Clear of Liens, Claims and Interest; (2) Lease Termination Agreement; and (3) Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019 ("Sale Motion) at 5:21 - 5:25 (Request for Judicial Notice in Support of Motion, Exhibit A at Memorandum 5:21 - 5:25) and Declaration of Kenneth Mucha, Request for Judicial Notice in Support of Motion, Exhibit A at 20:2 - 20:6

> The Debtor's landlord contends that any leasehold interest the Debtor claims in Campbell Spoons expired pre-petition and therefore, the Debtor does not have any leasehold interest to assume and assign. The Debtor vigorously disputes the landlord's contentions.

Similarly, DEBTOR argues that KEESLING had both actual and apparent authority to enter the lease. <u>Actual authority</u> is such as a principal intentionally confers upon the agent, or intentionally, or by want of ordinary care, allows the agent to believe himself to possess. Cal. Civil Code § 2316. <u>Ostensible authority</u> (or apparent authority) is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess. Cal. Civil Code §2317. While it seems clear that KEESLING may have had ostensible authority, as the owner of the real property, KEESLING did not have actual authority, because the Assignment of Lease provides:

> By this assignment, ASSIGNOR delegates to ASSIGNEE all of ASSIGNOR's duties and obligations of performance of the LEASE.

Pursuant to California Civil Code Section 1458, a "right arising out of an obligation is the property of the person to which it is due, and may be transferred as such". Clearly,

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

1 and contrary to the argument of DEBTOR, KEESLING, by virtue of the express language of

2 the Assignment of Lease, assigned "all of ASSIGNOR's duties and obligations" to

3 TSIGARIS.

> An assignee stands in the shoes of the assignor, acquiring all of its rights and liabilities. Prof'l Collection Consultants v. Hanada, 62 Cal. Rptr. 2d 182, citing Mountain States Financial Resources v. Agrawal, 777 F. Supp. 1550, 1552 (W.D.Okla. 1991).) "[W]hile the statute is quiet, the common law speaks in a loud and consistent voice: An assignee stands in the shoes of his assignor." ( F.D.I.C. v. Bledsoe, 989 F.2d 805, 810 (5th Cir. 1993), original italics; see also U.S. v. Thornburg, 82 F.3d 886, 891 (9th Cir. 1996); Remington Investments, Inc. v. Kadenacy, 930 F. Supp. 446, 451 (C.D.Cal. 1996); National Enterprises, Inc. v. Smith, 892 F. Supp. 948, 950-51 (E.D.Mich. 1995); Tivoli Ventures, Inc. v. Bumann, 870 P.2d 1244, 1248 (Colo. 1994); Cadle Co. II, Inc. v. Lewis, 254 Kan. 158 (1993) [864 P.2d 718, 720]; Investment Co. of the Southwest v. Reese, 117 N.M. 655 [875 P.2d 1086, 1092-93] (1994); SMS Financial L.L.C. v. Ragland, 918 P.2d 400, 403 (Okla.Ct.App. 1995); Jon Luce Builder v. First Gibraltar Bank, 849 S.W.2d 451, 455 (Tex.Ct.App. 1993); Thweatt v. Jackson, 838 S.W.2d 725, 728 (Tex.Ct.App. 1992).)

15 Prof'l Collection Consultants v. Hanada, 53 Cal. App. 4th 1016, 1019 (1997).

16 KEESLING has accepted the benefit of his bargain with KEESLING by virtue of the

17 Assignment Agreement and cannot disregard it when it receives a "better" offer from

18 DEBTOR then the one they were previously operating under. As to DEBTOR's argument

19 that TSIGARIS's failure to timely object to the Sale Notice constitutes a "ratification", that

20 argument is simply nonsense.

21 Finally, as to DEBTOR'S argument that Section 4.2 of the Nondisturbance and

22 Attornment Agreement ("Attornment Agreement") provides that "any action taken or

23 notice given by any one of the Ground Lessors **pursuant to the terms hereof** shall be

24 deemed to be action taken or notice given by all of the Ground Lessors", it shall be noted

25 from the emphasized language, "notice of action" is deemed "given by all" ***but is limited***

26 ***to Notice given pursuant to the Attornment Agreement,*** its language clearly cannot be

27 extended to any actions whatsoever taken by KEESLING.

28 **C.    ANY DAMAGES INCURRED WERE AVOIDABLE BY KEESLING**

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3454-001
00101002.WPD

7

**REPLY TO OPPOSITION - VACATING ORDER . . .**    (Case No. SA 06-11444 ES)

**AND DEBTOR AND THUS SHOULD NOT BE CONSIDERED IN THIS MOTION.**

As to KEESLING's argument that "Any revisit of the August 8, 2007 Order potentially subjects Debtor to Keesling' various claims, ongoing financial obligations, litigation with Hott Wings, continued prosecution of the State and a re-visit to its Plan (KEESLING Opposition item 6), and DEBTOR's argument that the "dispute between TSIGARIS and KEELSING should not affect the Debtor of the Sale Order (DEBTOR Opposition, item 4), TSIGARIS responds that the following facts are undisputed by KEESLING:

> After the exercise of the Option, Spoons continued to send the rent check to me who continued to cash it and forward a portion of same to the KEESLING GROUP as required by the Assignment. In turn, the KEESLING GROUP cashed the checks sent to them by me.
>
> In March 2006, the KEESLING GROUP, again, without me as a party or providing me with any notice, filed an action in State court against Spectrum and Spoons Bar and Grill whereby it sought to terminate the Lease. The KEESLING GROUP alleged that Spoons' exercise of the option was ineffective because Spoons was in default under the Lease at the time of the exercise of the option because it had not paid property taxes.
>
> I have been receiving monthly rent checks from July 1992. Since that date, I have forwarded the required payment to KEESLING GROUP, and handled all aspect of the lease Agreement with WM. Flagg's Restaurants and its various successors.

Tsigaris Decl., ¶¶10-12. On August 13, 2007, August 14, 2007, Ms. Matteoni advised both counsel for DEBTOR and KEESLING on TSIGARIS's interest in the lease. Declaration of Bradley Matteoni in Support of Motion to Vacate Order at ¶¶4 - 5, Exhibit A. Finally, this Motion to Vacate Judgment was filed on August 18, 2007, ten days after entry of the order, and served on both DEBTOR and KEESLING. KEESLING had sufficient notice of TSIGARIS's interest in this matter, and both KEESLING and DEBTOR has adequate notice of this pending motion to make any plans with Hott Wings contingent upon the outcome of this motion. Any damages, actual or potential, are indubitably self-inflicted.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3454-001
00101002.WPD

8

**REPLY TO OPPOSITION - VACATING ORDER . . .**    (Case No. SA 06-11444 ES)

It is by no means certain that DEBTOR will be damaged by the vacation of the Sale Order, but it is certain that DEBTOR should be negotiating and contracting with the TSIGARIS by virtue of the Assignment Agreement. The fact that TSIGARIS has a potential cause of action against KEESLING is irrelevant in that the original order was based on misrepresentations to this court.

## CONCLUSION

For all of the above reasons, TSIGARIS's counsel respectfully requests that the Court vacate its Order (1) Authorizing Sale of Certain Assets of the Estate Free and Clear of Liens, Claims & Interests, (2) Lease Termination Agreement and (3) Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019, entered August 8, 2007.

Respectfully submitted,

DATED: September 25, 2007

PAHL & McCAY
A Professional Corporation

By: _____
Catherine Schlomann Robertson

Attorneys for Movant
ELIAS TSIGARIS

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3454-001
00101002.WPD

9

**REPLY TO OPPOSITION - VACATING ORDER . . .**     (Case No. SA 06-11444 ES)