Leonard M. Shulman - Bar No. 126349
Mark Bradshaw - Bar No. 192540
Samuel J. Romero – Bar No. 232824
**SHULMAN HODGES & BASTIAN LLP**
26632 Towne Centre Drive, Suite 300
Foothill Ranch, California 92610-2808
Telephone: (949) 340-3400
Facsimile: (949) 340-3000

Special Counsel to the Reorganized Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

In re

**SPECTRUM RESTAURANT GROUP, INC., a Delaware corporation; GRANDY'S, INC., a California corporation; SPOONS RESTAURANTS, INC., a Texas corporation; SPECTRUM FOODS, INC., a California corporation; CRABBY BOB'S FRANCHISE CORP., a California corporation; LOCAL FAVORITE, INC., a California corporation; Substantively consolidated reorganized debtors under Case No. SA 03 15911 ES,**

Debtor.

**SPECTRUM RESTAURANT GROUP, INC., a Delaware corporation; GRANDY'S, INC., a California corporation; SPOONS RESTAURANTS, INC., a Texas corporation; SPECTRUM FOODS, INC., a California corporation; CRABBY BOB'S FRANCHISE CORP., a California corporation; LOCAL FAVORITE, INC., a California corporation; Substantively consolidated reorganized debtors under Case No. SA 03 15911 ES,**

**Plaintiff,**

**v.**

**FEDERAL INSURANCE COMPANY,** a New Jersey corporation,

**Defendants.**

Case No. 8:06-11444 ES

Chapter 11

Adv. Case No.

**COMPLAINT FOR:**

1. **DECLARATORY RELIEF ACTION TO DETERMINE THE EQUITABLE AMOUNT OF A LETTER OF CREDIT; AND**
2. **ACCOUNTING**

[No Hearing Set]

Spectrum Restaurant Group, Inc., a Delaware corporation; Grandy's, Inc., a California corporation; Spoons Restaurants, Inc., a Texas corporation; Spectrum Foods, Inc., a California corporation; Crabby Bob's Franchise Corp., a California corporation; Local Favorite, Inc., a California corporation; substantively consolidated reorganized debtors under Case No. 8:03 15911 ES (collectively, the "Debtor") respectfully alleges as follows:

## STATE OF JURISDICTION AND VENUE

1. This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001. The Debtor has standing to bring this action pursuant to 11 U.S.C. §§ 105 and 1107.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division entitled Spectrum Restaurant Group, Inc., a Delaware corporation; Grandy's, Inc., a California corporation; Spoons Restaurants, Inc., a Texas corporation; Spectrum Foods, Inc., a California corporation; Crabby Bob's Franchise Corp., a California corporation; Local Favorite, Inc., a California corporation; Substantively consolidated reorganized debtors under Case No. SA 03 15911 ES, on the docket of the Court.

3. This adversary proceeding arises in and relates to the Debtors' bankruptcy case, which was commenced by the filing of the voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 29, 2006 ("Petition Date").

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409, as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt less than $5,000.

5. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (b)(2)(B), (b)(2)(D), (b)(2)(E), (b)(2)(K), (b)(2)(O), and to the extent any related claims are determined not to be a core proceeding, the Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

6. Pursuant to 11 U.S.C. §§ 105 and 1107, Plaintiff, as the reorganized Debtor has standing to seek declaratory relief regarding a proceeding affecting the liquidation of assets of the estate and affecting the claims of one of its secured creditor, BET Associates, L.P. ("BET").

**PARTIES**

7. Plaintiff is Spectrum Restaurant Group, Inc., a Delaware corporation; Grandy's, Inc., a California corporation; Spoons Restaurants, Inc., a Texas corporation; Spectrum Foods, Inc., a California corporation; Crabby Bob's Franchise Corp., a California corporation; Local Favorite, Inc., a California corporation; substantively consolidated reorganized debtors under Case No. 8:03 15911 ES ("Plaintiff").

8. Plaintiff is informed and believes and based thereon alleges that at all relevant times herein, Spectrum Restaurant Group, Inc. is and was Delaware corporation with its principal place of business in Irvine, California.

9. Plaintiff is informed and believes and based thereon alleges that at all relevant times herein, Spoons Restaurants, Inc. is and was Texas corporation with its principal place of business in Irvine, California.

10. Plaintiff is informed and believes and based thereon alleges that at all relevant times herein, Grandy's Inc.; Spectrum Foods, Inc.; Crabby Bob's Franchise Corp.; and Local Favorite, Inc. are and were California corporations with their principal place of business in Irvine, California.

11. Spectrum Restaurant Group, Inc., a Delaware corporation; Grandy's, Inc., a California corporation; Spoons Restaurants, Inc., a Texas corporation; Spectrum Foods, Inc., a California corporation; Crabby Bob's Franchise Corp., a California corporation; Local Favorite, Inc., a California corporation will collectively be referred to herein as "Debtor."

12. Plaintiff is informed and believes and based thereon alleges that at all relevant times herein Defendant, Federal Insurance Company ("Chubb") is and was a New Jersey corporation within its principal place of business in Warren, New Jersey.

13. Defendant Federal Insurance Company will referred to hereinafter as "Defendant" and or "Chubb".

## GENERAL ALLEGATIONS

14. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 29, 2006 ("Petition Date").

15. On August 8, 2007, the Court entered an Order Confirming the Debtor's and Official Committee of Creditors Holding Unsecured Claims' First Amended Chapter 11 Plan of Reorganization as Modified ("Plan").

16. Prior to and as of the Petition Date, the Debtor owned, operated and licensed various restaurants and restaurant franchises.

17. Plaintiff is informed and believes and based thereon alleges on or about October 1, 2000 and January 1, 2004, Plaintiff entered into contractual agreements with Chubb whereby Chubb agreed to issue an insurance policies ("October 1, 2000 Agreement" and "January 1, 2004 Agreement," collectively "Agreements"). Attached hereto as Exhibit 1 and 2 are true and correct copies of the Agreements. In particular, Chubb agreed to become the Plaintiff's insurer and to issue the following insurance policies as of the effective date of the Agreement:

a. Policy Number: 7163-12-85 Worker Compensation & Employers Liability (including Employers Liability for monopolistic states)

b. Policy Number: 7163-12-85 Automobile Liability

c. Policy Number: 7163-12-85 Automobile Liability

18. Plaintiff is informed and believes and based thereon alleges that during the policy period pursuant to the Agreements, Plaintiff agreed to reimburse and pay Chubb for the amounts that Chubb pays within the Policies deductibles as follows:

a. "as indemnity payments, including but not limited to medical payments . . . for claims made against [Plaintiff] under the Policies; and

b. as allocated loss adjustment expenses (hereinafter "ALAE"). For purposes of [the] Agreement, ALAE means those expenses which can be directly attributed to the investigation, negotiation, settlement or defense of a specific claim, including but not limited to defense costs, attorneys' fees . . . incurred by the Company or

any of its subsidiaries or affiliates, fees paid to independent claim adjusters . . . or claim investigators handling claims involving the [Plaintiff], expenses associated with auditing medical bills and legal bills . . . and expenses associated with salvage or subrogation recoveries." Exhibit 1 and 2, p. 1.

19. Plaintiff is informed and believes and based thereon alleges that during the policy period pursuant to the Agreement, Plaintiff also agreed to post, maintain and/or finance a Letter of Credit ("LOC") as security for Chubb as follows:

> Within 46 days of the effective date of the Policies, as security for the prompt performance of its obligations under the Agreement, the Insured must post and maintain a [LOC] in the amount of Three Hundred Ten Thousand Dollars ($310,000), with a bank, and in a form acceptable to the Company, which shall include a provision requiring the issuing bank to give the Company no less that sixty (60) days notice of the intent to not renew the LOC.

20. Plaintiff is informed and believes and based thereon alleges that during the policy period pursuant to the Agreements, Chubb agreed to, at its discretion, to recalculate the security once annually or at any time Chubb deemed reasonably necessary. Exhibit 1, p. 3, Exhibit 2, p. 2.

21. Plaintiff is informed and believes and based thereon alleges that during the policy period pursuant to the Agreement, Chubb also agreed to "exercise good faith consistent with usual customary commercial and credit practice" in exercising its rights under the Agreement to satisfy Chubb's obligations under the agreement against any security. Exhibit 1, p. 6.

22. Plaintiff is informed and believes and based thereon alleges that on or about May 2004, Chubb and Plaintiff agreed to amend the Agreements and to increase the letter of credit from Three Hundred Ten Thousand Dollars ($310,000) to Six Hundred and Twenty Thousand Dollars ($620,000). Attached hereto as Exhibit 3 is a true and correct copy of the Amendment to the January 1, 2004 Agreement.

23. Plaintiff is informed and believes and based thereon alleges that on or about May 2004, Chubb and Plaintiff agreed to amend the Agreement and to increase the letter of credit

from Six Hundred and Twenty Thousand Dollars ($620,000) to One Million Five Hundred and Seventy Thousand Dollars ($1,570,000). Attached hereto as Exhibit 4 is a true and correct copy of the 2nd Amendment to the January 1, 2004 Agreement.

24. Plaintiff is informed and believes and based thereon alleges that during the policy period pursuant to the Agreement, Chubb and Plaintiff modified the October 1, 2000 Agreement and agreed to increase the then existing letter of credit by Three Hundred and twenty-five Thousand Dollars ($325,000) to One Million Four Hundred and Fifty-Four Thousand Dollars ($1,454,000). Attached hereto as Exhibit 5 is a true and correct copy of the 2nd Amendment to the October 1, 2004 Agreement.

25. Plaintiff is informed and believes and based thereon alleges that during the policy period pursuant to the Agreement, Chubb and Plaintiff modified the October 1, 2000 Agreement and agreed to changes to the policy period effective date September 1, 2003 to January 1, 2004. Attached hereto as Exhibit 6 is a true and correct copy of the 3rd Amendment to the October 1, 2004 Agreement.

26. Plaintiff is informed and believes and based thereon alleges that as of the time of the filing of the Complaint, Chubb has demanded and Plaintiff had received financing to provide a LOC as security for the Agreements in the amount of One Million Three Hundred and Two Thousand dollars ($1,302,000).

27. Plaintiff is informed and believes and based thereon alleges that after entering the Agreements, Plaintiff sought financing from BET. Plaintiff is informed and believe that as part of the BET financing, BET is liable to fund letters of credit, which in turn secure payment of liabilities to Chubb. Plaintiff is currently selling its assets for distribution to its creditors including BET. Plaintiff is informed and believes the sale of its assets will generate sufficient funds to pay the loans advanced by BET. However, Plaintiff is informed and believes that in order for Plaintiff to satisfy the BET obligation, cash collateral will be required in an amount equal to the LOC and unless the LOC is reduced to an amount reasonably reflecting the financial exposure, there may not be sufficient funds to pay BET's indebtedness and provide the cash collateral to offset the LOC exposure.

28. Plaintiff is informed and believes and based thereon alleges that as of the time of the filing of the Complaint, the term of the policies set forth in the Agreement between Chubb and Plaintiff has expired and no additional claims are likely to be filed against the policies.

29. Plaintiff is informed and believes and based thereon alleges that on or about April 13, 2008, Chubb has evaluated the potential claims against the policies covered under the Agreement and determined that claims may exist against the policies. Plaintiff has analyzed Chubb's claims which it provided to Plaintiff and calculated using a excel spreadsheet the total amounts of each claims and loss runs and the total amount of all claims as follows:

Chubb - Loss Run Summary
All values as of 3/27/08

| | Open Loss Reserve ~ 000's | | | |
|---|---|---|---|---|
| | Medical | Indemnity | Expenses | Total |
| Rios | $ 25 | $ 33 | $ 6 | $ 64 |
| Ruiz | 6 | 10 | 2 | 18 |
| Palorke | - | - | 5 | 5 |
| Garcia | - | - | - | - |
| Hewitt | 250 | 106 | 51 | 407 |
| Spillare | 13 | - | 3 | 16 |
| Walk | 8 | 35 | - | 43 |
| | | | | $ 553 |
| Letter of Credit per Chubb 4/7/08 | | | | $ 1,302 |
| OVER FUNDED | | | | $ 749 |

30. Plaintiff is informed and believes and based thereon alleges that at the time of filing of the instant Complaint, Chubb is not exercising good faith consistent with usual customary commercial and credit practice by failing to provide documents supporting its

obligations under the Agreements or any other yet unidentified agreements after Plaintiff's demand for such documents, by refusing to account for the current size of the LOC and demanding a LOC which is two hundred and thirty five percent greater than Chubb stated necessary Open Loss reserve.

**FIRST CLAIM FOR RELIEF**

**[Declaratory Relief]**

31. Plaintiff hereby incorporates by reference paragraphs 1 through 30, and re-alleges these paragraphs as though set forth in full.

32. An actual controversy has arisen and now exists between Plaintiff and Chubb concerning whether the amount of the LOC as security demanded by Chubb under the Agreement is commercially unreasonable in light of the Chubb's stated risks and the diminishing potential for new or expanded claims against the letter of credit..

33. Plaintiff is informed and believes and based thereon alleges that Chubb asserts the amount of the LOC as security demanded by Chubb under the Agreement is commercially reasonable.

34. Plaintiff disputes the size of the letter of credit demanded by Chubb.

35. Plaintiff desires a judicial determination whether Chubb has a right to require that Plaintiff maintain a letter of credit in an amount that is commercially unreasonable to Chubb's stated risk;

36. Plaintiff also desires a judicial determination whether the letter of credit granted by the Debtors to Chubb in the amount of One Million Three Hundred and Two Thousand dollars ($1,302,000) is over stated by Seven Hundred Forty-Nine Thousand ($749,000).

37. A judicial declaration is necessary and appropriate at this time to avoid multiple lawsuits, to allow all parties to ascertain their rights.

**SECOND CLAIM FOR RELIEF**

**[Accounting]**

38. Plaintiff hereby incorporates by reference paragraphs 1 through 37, and re-alleges these paragraphs as though set forth in full.

39. At all times mentioned herein, BET has maintained a LOC on behalf of Plaintiff as security for the prompt performance of its obligations under the agreement.

40. Plaintiff is informed and believes that the amount of the security demanded by Chubb is commercially unreasonable in light of the Chubb's stated risks and the diminishing potential for new or expanded claims against the letter of credit.

41. Chubb has failed and refused to turnover to the Plaintiff documentary support for the amount of the letter of credit demanded by Chubb or all the purported agreements between Chubb and Plaintiff.

42. The commercially reasonable amount for the letter of credit demanded by Chubb for security for prompt performance of Plaintiff's obligations under the Agreement cannot be fully ascertained without an accounting and full particulars from Defendants, of all claims received by Chubb and the supporting documentation establishing the amount of risk claimed by Chubb.

43. Plaintiff has demanded that Defendants account for the aforementioned size of the letter of credit demanded by Defendants, but Defendants have failed and refused, and continue to fail and refuse, to render the accounting and/or reduce the size of the letter of credit. An order of the court requiring said Defendants to provide an accounting is warranted.

**WHEREFORE**, Plaintiff prays for Judgment against Defendants as follows:

1. For an order finding and declaring that Chubb does <u>not</u> have a right to require that Plaintiff maintain a letter of credit in an amount that is commercially unreasonable to Chubb's stated risk;

2. For an order declaring that the letter of credit granted by the Debtors to Chubb in the amount of One Million Three Hundred and Two Thousand dollars ($1,302,000) is over stated by Seven Hundred Forty-Nine Thousand ($749,000) ;

3. For an order requiring Chubb to provide an accounting;

4. For costs of suit incurred herein, including attorneys' fees and costs as provided by applicable case law, statute and/or agreement of the parties; and

5. For such other and further relief as the Court may deem just and proper under the circumstances of this case.

Dated: May 27, 2008

**SHULMAN HODGES & BASTIAN LLP**

Leonard M. Shulman
Samuel J. Romero
Special Counsel to the Reorganized Debtor

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Leonard M. Shulman - 126349<br>Samuel J. Romero - 232824<br>SHULMAN HODGES & BASTIAN LLP<br>26632 Towne Centre Drive, Suite 300<br>Foothill Ranch, CA 92610<br>(949) 340-3400<br>(949) 340-3000 - fax<br><br>*Attorney for Plaintiff* Spectrum Restaurant Group, Inc. | |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re: Spectrum Restaurant Group, Inc., a Delaware corporation, et al.<br><br>Debtor. | CHAPTER 11<br>CASE NUMBER 8:06-11444 ES |
| | ADVERSARY NUMBER |
| Spectrum Restaurant Group, Inc., a Delaware corporation, et al.<br>Plaintiff(s),<br>vs.<br>Federal insurance Company, a New Jersey corporation<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by ____________________, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:** **Time:** **Courtroom:** **Floor:**

- ☐ **255 East Temple Street, Los Angeles**
- ☒ **411 West Fourth Street, Santa Ana**
- ☐ **21041 Burbank Boulevard, Woodland Hills**
- ☐ **1415 State Street, Santa Barbara**
- ☐ **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: ____________________

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: ____________________
*Deputy Clerk*

| In re Spectrum Restaurant Group, Inc., a Delaware corporation, et al. Debtor. | CHAPTER 11<br>CASE NUMBER 8:06-11444 ES |
|---|---|

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ____________________

1. I am employed in the County of ____________________, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:

2. ☐ **Regular Mail Service:** On ____________________, I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at ____________________, California, addressed as set forth below.

3. ☐ **Personal Service:** On ____________________, personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4. Defendant(s) and address(es) upon which service was made:

☐ Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

____________________ ____________________
*Type Name* *Signature*

FORM B104 (08/07) 2007 USBC, Central District of California

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Spectrum Restaurant Group, Inc., a Delaware corporation, et al. | Federal Insurance Company, a New Jersey corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leonard M. Shulman - 126349/ Samuel J. Romero - 232824<br>Shulman Hodges & Bastian LLP 949-340-3400/ 949-340-3000<br>26632 Towne Ctr Dr., #300, Foothill Ranch, CA 92610 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory Relief Action to Determine the Equitable Amount of a Letter of Credit; and Accounting

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought
Declaratory Relief to Determine the Equitable Amount of a Letter of Credit and Accouting

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Spectrum Restaurant Group, Inc., a Delaware corporation, et al. | | BANKRUPTCY CASE NO.<br>8:06-11444ES |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISIONAL OFFICE<br>Santa Ana | NAME OF JUDGE<br>Erithe A. Smith |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>5/27/08 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Samuel J. Romero | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.